UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| STEPHEN EARL BROOKS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:10-CV-283 |
| | ) | (VARLAN/SHIRLEY) |
| JUDGE BILL SWANN, *et al.*, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff filed a motion to proceed in forma pauperis, along with an application detailing his financial condition [Doc. 1]. On July 20, 2010, the Honorable C. Clifford Shirley, Jr., filed a Report and Recommendation ("R&R") [Doc. 3] in which he found plaintiff had "little income and substantial debts," and permitted plaintiff to file his complaint without prepayment of costs, and recommended that plaintiff's complaint be dismissed for jurisdictional deficiencies and pursuant to 28 U.S.C. § 1915(e) [*Id.*]. The plaintiff has filed objections to the R&R [Doc. 4].

This Court agrees with the magistrate judge's recommendation. Plaintiff has failed to demonstrate any grounds for federal jurisdiction and to state a claim upon which relief can be granted [*See id.*]. Dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is therefore appropriate.[1]

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii) provides that "the court shall dismiss [a] case . . . if the court determines that the action . . . fails to state a claim on which relief may be granted."

## I. Standard of Review

This Court must conduct a de novo review of portions of the magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1). In light of this standard, the relevant law, and plaintiff's *pro se* status, the Court has carefully reviewed Judge Shirley's R&R [Doc. 3], the underlying motion/application to proceed *in forma pauperis* [Doc. 1], plaintiff's complaint [Doc. 2], and plaintiff's objections [Doc. 4]. For the reasons set forth herein, plaintiff's objection will be overruled and the R&R will be accepted in whole.

## II. Analysis

To the extent plaintiff has attempted to raise specific objections, those objections are not coherent.[2] This Court retains the power to dismiss a case involving such objections or claims. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (§ 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

---

[2] Plaintiff states, for example, that "4-3-08 is the day this staged court brought it rafe down on me, without alouwing my counsle the right to prove one fact wrong! along with what brought me to the court was beaten. I was locked up on a case that was set aside, esp Judge John Harbin akn as buddy with the three who said they see that I am Mr. Brooks would go too jail" (errors in original). Neither this excerpt nor the rest of defendant's objections is intelligible.

claims whose factual contentions are clearly baseless . . . including claims describing fantastic or delusional scenarios.").

## III. Conclusion

Accordingly, and for the reasons stated above, the Court is in agreement with Magistrate Judge Shirley's recommendation and **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 3] and **OVERRULES** plaintiff's objections [Doc. 4]. Accordingly, this case is **DISMISSED** and the Clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE